## McCloskey v. Minahan

*Smith & Maine*, for plaintiff.
*Chase & Swoope*, for defendant bank.
*Carl A. Belin*, for other defendants.

BELL, P. J., August 5, 1946.—Edgar L. McCloskey died intestate on June 19, 1910, possessed of certain property in Clearfield Borough, consisting of a house and lot. He left to survive him his widow and seven children, one of whom is the plaintiff, Edgar Leslie McCloskey, now a resident of Ketchikan, Alaska. On October 14, 1919, the widow and five children of Edgar L. McCloskey, by a general warranty deed recorded in Deed Book 239, page 83, conveyed this house and lot to Ira C. McCloskey, a son of decedent. Plaintiff, Edgar Leslie McCloskey, was not a party to the deed nor was his name mentioned therein; the deed stating that the

grantors and grantee are the heirs-at-law of Edgar L. McCloskey in whom the premises vested at his death.

In a proceeding filed in the Orphans' Court of Clearfield County on November 26, 1920, the widow prayed that her son, Edgar Leslie McCloskey, be declared presumably dead, under the provisions of the Fiduciaries Act of June 7, 1917, P. L. 447. The orphans' court by a decree dated January 10, 1921, declared Edgar Leslie McCloskey to be presumably dead as of July 12, 1920, and letters of administration were issued to his mother on March 29, 1921. It was subsequently shown that Edgar Leslie McCloskey was alive, and by an order dated May 7, 1924, the Orphans' Court of Clearfield County vacated and annulled its decree of January 10, 1921, and revoked the issuance of letters.

On December 20, 1925, a judgment was entered in the Court of Common Pleas of Clearfield County on behalf of The Curwensville National Bank against Ira C. McCloskey, which judgment was revived in 1930 and 1935. On February 6, 1936, a writ of fieri facias was issued and the sheriff sold The Curwensville National Bank all the right, title and interest of Ira C. McCloskey in the real estate mentioned. A sheriff's deed was delivered to The Curwensville National Bank and recorded in Clearfield County in Deed Book 302, page 263. From the death of Edgar L. McCloskey in 1910 until the sheriff's sale in 1936 the premises were occupied by various members of the family of Edgar L. McCloskey.

By an article of agreement dated December 1, 1942, The Curwensville National Bank agreed to sell the property to M. J. Minahan and Marie Minahan, which article of agreement is filed in the Court of Common Pleas of Clearfield County to no. 248, September term, 1944.

The property in question is in the path of a highway improvement, and plaintiff, Edgar Leslie McCloskey, executed a power of attorney to his brother, Lex Mc-

Closkey. The said attorney in fact, together with The Curwensville National Bank, M. J. Minahan and Marie Minahan, delivered a deed of release or quitclaim to the Department of Highways, said deed of release being executed under an agreement in which it was stipulated that a one seventh interest in the purchase price should be held in escrow pending the adjudication of the validity of the claim of Edgar Leslie McCloskey. The one seventh interest of the purchase price is $742.85, which check is held in escrow pending the outcome of this dispute.

A petition for declaratory judgment has been filed by Edgar Leslie McCloskey against The Curwensville National Bank, purchaser at the sheriff's sale, and Dr. and Mrs. Minahan, who were purchasers under an agreement from The Curwensville National Bank.

Defendants filed an answer admitting most of the facts as hereinbefore outlined, and asked the court to determine the ownership of this one seventh interest.

To avoid taking testimony, counsel for plaintiff and defendants, on July 3, 1946, entered into a stipulation agreeing:

1. That Edgar Leslie McCloskey did not occupy the premises after October 14, 1919, the date of the deed to Ira C. McCloskey.

2. That Ira C. McCloskey did nothing which indicated that he held possession or title adversely or hostile to the interest of Edgar Leslie McCloskey, and that defendants under their claim of adverse possession, relied solely on the effect of the deed of October 14, 1919, by the widow and all the heirs, except Edgar Leslie McCloskey, to the brother Ira C. McCloskey.

3. That The Curwensville National Bank, M. J. Minahan and Marie Minahan, have held open, exclusive and continuous possession of the property after 1936, when possession was relinquished by Ira C. McCloskey.

The issue thus presented for the court's determination is the effect of the deed of October 14, 1919, in establishing title by adverse possession, it being stipulated that Ira C. McCloskey did or committed no act indicating any title adverse or hostile to that of his brother, Edgar Leslie McCloskey. No testimony was taken in this case and it is to be decided on the pleadings and stipulation as filed.

Following the death of Edgar L. McCloskey, Edgar Leslie McCloskey, the son, entered into possession; his rights being equal to that of his brother, Ira C. McCloskey, as an heir of his father. The possession of Ira C. McCloskey not being adverse in the beginning, could not be converted into an adverse and hostile possession without some open and notorious act that would be equivalent in law to an ouster. See Young v. Sweigart, 69 Pa. Superior Ct. 525.

Defendants contend that the making of a warranty deed by a widow and other heirs, to the one son, excluding Edgar Leslie McCloskey from any consideration, mention or participation, is an open and hostile act; and that the effect of the recording statutes of the Commonwealth of Pennsylvania charge him with notice of their failure to mention or include him in the making of this deed. The recording statutes are only notice to such persons who are vested with the duty of examining the records: Owens et al. v. Peters et al., 126 Pa. Superior Ct. 501. Not being charged with any duty of examining the records, we cannot agree that the delivery and recording of a deed, without proof of notice or knowledge to Edgar Leslie McCloskey of doing so, would amount to a clear manifestation of hostile possession or claim of Ira C. McCloskey.

Edgar Leslie McCloskey had been unheard of for years, so that the act of his mother, brothers and sisters, in failing to include him in the deed, is explained by their belief that he was presumably dead when the deed was entered into, and that he died unmarried and

without issue. It subsequently being ascertained that Edgar Leslie McCloskey was alive, the decree of the court was vacated, and there is no evidence brought to the court's attention that either the grantors or the grantee, after learning that their brother was alive, ever did any act showing any claim adverse to his title. Not only have none of the heirs testified to any act, but one brother, a grantor in the deed, is acting as his attorney in fact in this proceeding.

The presumption that one cotenant holds possession for the benefit of the other cotenants is a rule of evidence. Legal title remained in Edgar Leslie McCloskey until some act was done showing a claim adverse and hostile to his rights. As he had been unheard from for over six years prior to the execution of the deed, the sale to the brother, Ira C. McCloskey, was not such an assertion of claim as to be incompatible with any claim of plaintiff. Ira C. McCloskey took title not under a claim adverse to Edgar Leslie McCloskey, but under a belief that Edgar Leslie McCloskey no longer lived. There is no act of Ira C. McCloskey showing that he regarded himself the sole owner of the property after he learned that his brother was alive, as is the basis of those cases in which a sale is made by one cotenant without the joinder of his cotenant: See Smith v. Kingsley, 331 Pa. 10.

Edgar Leslie McCloskey having originally an undivided one seventh interest, every presumption is in favor of the continuance of such ownership; and to prove the loss of this interest, the claimant is required to show conduct clear and unequivocal, amounting to a claim that the entire property was exclusively in Ira C. McCloskey for a period of 21 years. This they have failed to do. Possession of the property remained in the coheirs of plaintiff until 1936. Nor is Edgar Leslie McCloskey guilty of any laches by his failure to assert the title following the deed of his mother, brothers and sisters, to his brother, Ira C. McCloskey; first, for the

reason that there is nothing to show he had any notice of it; and second, there is nothing to indicate there was any ouster of his interest by Ira C. McCloskey, under a claim of title exclusively in him and adverse to plaintiff.

Following the deed, various members of the family continued to reside in the homestead. The sale in this case, while it purports to convey the complete title, is explained by the family's assumption that the brother was dead, and does not in our opinion amount to such claim of complete ownership as to oust Edgar Leslie McCloskey from his interest in the property. See Medusa Portland Cement Co. v. Lamantina, 353 Pa. 53.

We will make the following

### Order

Now, August 5, 1946, Edgar Leslie McCloskey, until the conveyance to the Commonwealth of Pennsylvania, was the owner of a one seventh interest in the real estate of his father, Edgar L. McCloskey and, under the agreement entered into, is entitled to the $742.85 held by The Curwensville National Bank in escrow, which sum The Curwensville National Bank is directed to deliver to Edgar Leslie McCloskey or his authorized agent. The costs in this proceeding are to be paid by defendants.